No. 63632.—Copease Corporation *v.* United States, protest 319328–K (New York).

RAO, Judge: Certain imported paper was classified by the collector of customs within the provisions of paragraph 1405 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, or by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, supplemented by Presidential notification, 86 Treas. Dec. 337, T.D. 52820, as, respectively, sensitized paper, to be used in photography, and unsensitized basic paper for use in photography, with the consequent duty assessments at the respective rates of 12 per centum ad valorem and 2½ per centum ad valorem.

Plaintiff has challenged the liquidation of said entry, claiming by way of amendment to its protest that said liquidation is illegal, null, and void, for the reason that the collector did not liquidate at the appraised values, but instead adopted higher values than those returned by the appraiser.

This protest has been submitted for decision upon a written stipulation of counsel for the respective parties hereto, to the effect that the collector did not follow the appraised values, but adopted higher values in liquidating the instant entry. By consent of the parties, the official papers in this action were submitted into evidence as plaintiff's exhibit 1.

An examination of the official papers reveals that the subject merchandise was appraised as entered, but that the collector, in calculating the duties due and payable on liquidation, used higher values, notwithstanding that no appeal for reappraisement was filed within the statutory time therefor.

By virtue of the provisions of section 501 of the Tariff Act of 1930, as amended, the decision of the appraiser as to the value of imported merchandise becomes final and conclusive upon all parties, unless an appeal is filed within the statutory period therein provided. In the case of an appeal by the collector, the appeal must be perfected within 60 days after the date of the appraiser's report. It is further provided in section 503 of said act, as amended, that whenever the rate of duty to be assessed upon imported merchandise is based upon value, the final appraised value shall be taken.

Thus, and since no appeal was filed by the collector, the appraised values of the instant merchandise became the *final* appraised values, and the collector was without authority to adopt any other value for the purpose of ascertaining the amount of duties due on liquidation. His action in so doing was, therefore, illegal, null, and void. Accordingly, "there has been no final legal liquidation of the involved entry against which, within the purview of section 514, *supra,* the importer may 'within sixty days after, but not before such liquidation' file a protest." *United States* v. *Astra Bentwood Furniture Co.,* 28 C.C.P.A. (Customs) 205, C.A.D. 147. The protest in this case is, therefore, premature and untimely, and must be dismissed. It is the duty of the collector to complete his liquidation of the instant entry in accordance with the provisions of section 503, *supra.*

Judgment will be entered accordingly.